# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **DAN NELSON; DARYL DEWBERRY,** in his representative capacity as Vice President of District 20 United Mine Workers of America, a labor organization, | }<br>}<br>}<br>}<br>}<br>} |
| Plaintiffs, | } |
| v. | }   Case No.: 7:05-CV-1305-RDP |
| **JIM WALTER RESOURCES, INC.,** | }<br>} |
| Defendant. | } |

## MEMORANDUM OPINION

Pending before the court is Defendant Jim Walter Resources, Inc.'s Motion to Dismiss (Doc. #4) filed on July 11, 2005, and Amended Motion to Dismiss[1] (Doc. #10) filed on August 16, 2005. Plaintiffs filed an opposition to the motion on August 3, 2005 (Doc. #8), and Defendant filed its reply in further support of the motion (Doc. #9) on August 15, 2005.

## FACTS

Plaintiff Dan Nelson ("Nelson") was discharged from Defendant's employment on March 11, 2005. Nelson disputed his discharge, and in accordance with the Collective Bargaining Agreement ("CBA") in place between the parties, Nelson and Defendant submitted their dispute to

---

[1] Defendant's amended motion, citing authority from other circuits, asserts that Plaintiffs lack standing to assert the claims made in this case. After Defendant filed its amended motion to dismiss, the court entered an order permitting Plaintiffs until August 22, 2005 to respond further. (Order, August 16, 2005). The court has reviewed the parties' submissions and finds that it would not be appropriate to dismiss this action at the pleadings stage due to an alleged lack of standing. *See American Postal Workers Union, AFL-CIO v. U.S. Postal Service*, 823 F.2d 466, 477-78 & n.20 (11th Cir. 1987).

arbitration. The arbitration hearing was held on May 6, 2005. Plaintiff Daryl Dewberry served as Nelson's representative at the arbitration.

The Arbitrator issued a thirty-two (32) page decision (the "Arbitration Award") on June 2, 2005, finding just cause for Nelson's discharge and denying his grievance. (Pls.' Compl., Ex. A). Plaintiffs then filed this action seeking to have the Arbitrator's decision vacated.

## DISCUSSION

### A.  The Applicable Legal Standard

Arbitration is the decidedly favored means of resolving disputes arising under a collective bargaining agreement. *United Paperworkers v. Misco*, 484 U.S. 29, 37 (1987). Congress set forth this policy over one-half of a century ago in the Labor Management Relations Act of 1947: "[f]inal adjustment by a method agreed upon by the parties is hereby declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective bargaining agreement." 29 U.S.C. § 173(d).

Relying on this policy, the Supreme Court long ago announced basic principles of deference in the judicial review of arbitration decisions in the *Steelworkers Trilogy*.[2] In *Enterprise Wheel*, the Supreme Court explained that:

> [t]he question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his. 363 U.S. at 599, 80 S.Ct. 1358.

---

[2]*United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593 (1960); *United Steelworkers v. Warrior & Gulf Navig. Co.*, 363 U.S. 574 (1960); *United Steelworkers v. American Mfg. Co.,* 363 U.S. 564 (1960).

The Court held that an arbitrator's award is valid and enforceable "so long as it draws its essence from the collective bargaining agreement." 363 U.S. at 597.

These principles have been interpreted expansively in both subsequent Supreme Court decisions and in cases decided by the Eleventh Circuit. In *Misco*, a unanimous Supreme Court concluded: "Courts … do no sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts …. [A] court should not reject an award of the ground that an arbitrator misread the contract." 484 U.S. at 38. The *Misco* Court further explained that "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." *Id.* The Supreme Court recently affirmed its *Misco* holding in *Major League Baseball Players Assoc. v. Garvey*, 532 U.S. 504 (2001) when it concluded that "[w]hen an arbitrator resolves disputes regarding the application of a contract ... the arbitrator's 'improvident, even silly, factfinding' does not provide a basis for a reviewing court to refuse to enforce the award." 532 U.S. at 509 (citing *Misco,* 484 U.S. at 39).

The Eleventh Circuit has interpreted this standard strictly and requires that, in order to prevail, an employer seeking to vacate an arbitrator's award "must refute every reasonable basis upon which the arbitrator may have acted." *Osram Sylvania, Inc. v. Teamsters Local Union 528*, 87 F.3d 1261, 1264 (11th Cir. 1996); *see also Sullivan, Long & Haggerty, Inc. v. Local 559*, 980 F.2d 1424, 1427 (11th Cir. 1993). Thus, as the *Osram Sylvania* court observed, an award "may be wrong; it may appear unsupported; it may appear poorly reasoned; it may appear foolish. Yet it may not be subject to court interference." 87 F.3d at 1263 (quoting *Delta Air Lines v. Air Line Pilots Assoc.*, 861 F.2d 665, 670 (11th Cir. 1988)). Indeed, a district court "may not reevaluate supposed

3

inconsistencies in the arbitrator's logic or review the merits of the arbitrator's decision." *Local 863 Int'l Bhd. of Teamsters v. Jersey Coast Egg Producers, Inc.*, 773 F.2d 530, 534 (3d Cir. 1985) (footnote and citation omitted); *accord Florida Power Corp. v. Int'l Bhd. of Electrical Workers*, 847 F.2d 680, 683 (11th Cir. 1988). "A court may not vacate an arbitral award unless it is irrational, 'exceeds the scope of the arbitrator's authority' or 'fails to draw its essence from the collective bargaining agreement.'" *IMC-Agrico Co. v. Int'l Chemical Workers Council of the UFCW*, 171 F.3d 1322, 1325 (11th Cir. 1999) (quoting *Buttercrust Bakeries v. Bakery Workers Int'l Union Local 361*, 726 F.2d 698, 699 (11th Cir. 1984)).[3]

**B.  The Arbitration Award is Not Due to be Vacated**

In their brief, Plaintiffs argue that the Arbitrator acted arbitrarily and capriciously. (Compl. ¶ 7). Although "an award that is arbitrary or capricious is not required to be enforced . . . [a]n award is arbitrary and capricious only if 'a ground for the arbitrator's decision cannot be inferred from the facts of the case.'" *Ainsworth v. Skurnick*, 960 F.2d 939, 941 (11th Cir. 1992) (quoting *Raiford v. Merrill Lynch, Pierce, Fenner & Smith*, 903 F.2d 1410, 1413 (2d Cir. 1986)). The grounds for the Arbitrator's decision are clearly reflected in the thirty-two page Arbitration Award.

At its core, Plaintiffs' real argument is that the court should accept its interpretation of the CBA over that of the Arbitrator. However, such an argument simply does not provide any legal basis to overturn a labor arbitration award. *United Steelworkers v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 599 (1960) ("The question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which was bargained for; and so far as

---

[3]Similarly, Plaintiffs' assertion that the Arbitration Award fails to draw its essence from the CBA because it ignores that the CBA's plain language is without merit.

the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his."); *Misco*, 484 U.S. at 38; *Osram Sylvania, Inc.*, 87 F.3d at 1263. After reviewing the facts and summarizing the parties respective positions, the Arbitrator found that "this case is really about 'an employee falsifying the time record upon which his pay was based." (Arbitration Award at 26). Indeed, the Arbitrator specifically found that Nelson "falsified a time record when he exited the mine and stopped working and clocked out approximately two hours later." *Id.* at 27. The Arbitrator also carefully evaluated the penalty of discharge in this case:

> The union also argued that the penalty of discharge in this case is too severe given the grievant's length of service with the company. The Arbitrator has some feeling for this situation. Upholding discharges for people in their 50s in today's economy is an unpleasant thing to do. However, it must be said that there are certain types of offenses for which employees are regularly discharged irrespective of their length of service with the company. Stealing from the company is one of these offenses. What the grievant did was the equivalent of stealing from the company. He was paid for time that he did not work. Many years ago when the price of copper was very high, employees were regularly fired for putting copper in their lunch buckets and attempting to remove it from the mine. Given the grievant's length of service with this company and the conduct of the other employees on the midnight shift, it is inconceivable to the Arbitrator [that grievant] did not know what he was doing.

*Id.* at 30-31.

The Arbitrator's decision, finding that there was just cause for Nelson's discharge, is due great deference. "[T]he single most significant and common issue to which ... deference extends is the issue of what constitutes sufficient and reasonable cause for discharge." *Florida Power*, 847 F.2d at 681-82. When more than one contract provision is implicated, an arbitrator is at liberty to determine which of the two competing contract provisions governs over the other. *U.S. Postal Serv.*

*v. Nat. Ass'n of Letter Carriers*, 789 F.2d 18, 20 (D.C. Cir. 1986) (recognizing that arbitrator's conclusion as to which competing contract language "controlled '*was itself* an interpretation of the contract which this court has no authority to disturb'") (citation omitted); *IMC-Agrico*, 171 F.3d at 1328 ("Where there are two plausible interpretations of an agreement, then the arbitrator's choice of one over the other will be honored.").

"Courts . . . do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts . . . ." *Millcraft-Sms Servc., LLC v. United Steel Workers of Am.*, 346 F. Supp. 2d 1176, 1182-83 (N.D. Ala. 2004) (quoting *United Paperworkers v. Misco*, 484 U.S. 29, 38 (1987)). "When an arbitrator resolves disputes regarding the application of a contract . . . the arbitrator's 'improvident, even silly, factfinding' does not provide a basis for a reviewing court to refuse to enforce the award." *Id*. (quoting *Major League Baseball Players Assoc. v. Garvey*, 532 U.S. 504, 509 (2001)). "[A]n award 'may be wrong; it may appear unsupported; it may appear poorly reasoned; it may appear foolish. Yet it may not be subject to court interference.'" *Osram Sylvania, Inc.*, 87 F.3d at 1263 (emphasis added) (quoting *Delta Air Lines, Inc. v. Air Line Pilots Asso., International*, 861 F.2d 665, 670 (11th Cir. 1988)). "The court may not reevaluate supposed inconsistencies in the arbitrator's logic or review the merits of the arbitrator's decision . . . ." *Millcraft-Sms Servc., LLC*, 346 F. Supp. 2d at 1183 (quotation and citation omitted). Here, the Arbitrator evaluated the competing evidence presented at the hearing, and found there was just cause for Nelson's dismissal. Plaintiffs have pointed to nothing which would justify vacating his decision.

**CONCLUSION**

For the reasons stated above, Defendant's amended motion to dismiss (Doc. #10) is due to be granted. A separate order consistent with this Memorandum Opinion shall be entered.

**DONE** and **ORDERED** this ____30th____ day of August, 2005.

                                              **R. DAVID PROCTOR**
                                              UNITED STATES DISTRICT JUDGE